1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY HOWELL,

                Plaintiff,

          v.

SWEDISH MEDICAL CENTER,

                Defendant.

CASE NO. C04-1329RSM

ORDER ON MOTION FOR
SANCTIONS

      This matter is before the Court on defendant's motion to compel and for sanctions, and plaintiff's motion for an extension of time to respond to defendant's motion.   Having reviewed the motions, the supporting and opposing memoranda, and accompanying declarations, the Court now finds and rules as follows:

      (1) <u>Motion for Extension of Time</u> (Dkt. # 20).

      Defendant noted the motion for sanctions, filed on June 20, for June 27, 2005.  Plaintiff requested a two-day extension of time, until June 29, to file a response.   However, the motion to compel and for sanctions was improperly designated as a seven-day motion, and should have been noted for the third Friday after filing, or July 8, 2005.  Local Rule CR 7(d)(2).   Plaintiff's response, which was filed on June 29 and again on July 1, was thus timely.  Accordingly, the motion for extension of time is DENIED as moot.

      (2) <u>Motion to Compel and for Sanctions</u> (Dkt. # 18).

      Defendant has moved for sanctions for the failure of ten of plaintiff's witnesses to appear for deposition.  In the alternative, defendant moves to compel plaintiff to provide contact information for the

ORDER ON MOTION FOR SANCTIONS - 1

witnesses, and for additional time for discovery so these witnesses may be deposed.  It appears that plaintiff's counsel declined to provide contact information for some witnesses, saying they could be served with deposition subpoenas through him.  Counsel also declined to provide dates when these witnesses would be available for deposition.  Defendant then "unilaterally" scheduled the depositions, but "with respect to ten of the twelve witnesses whose subpoenas had been sent to Mr. Garrett for service, neither the witnesses nor Mr. Garrett showed up for their deposition."  Motion to Compel and for Sanctions, p. 6.  One witness, LaShauna Melvin, did call and leave a message saying the notice was too short, and asking to re-schedule the deposition.  Defendant was unable to reach her by telephone, and counsel for plaintiff failed to respond to defendant's requests for assistance in re-scheduling, so the deposition was not re-scheduled prior to the expiration of the discovery period.

Although defendant has moved for sanctions under F.R.Civ. Proc. 37(b), that section applies to parties and agents for parties, not non-party witnesses.  However, the Court has the inherent power to apply sanctions for failure to abide by discovery rules or other rules of civil procedure.  Anheuser-Busch Inc., v. Natural Beverage Distributors, 69 F. 3d 337, 348 (9th Cir. 1995); Local Rule GR 3(d).  The Court finds that counsel's conduct in failing to co-operate with discovery and failing to secure the attendance of these witnesses at their depositions or to himself attend constitutes sanctionable conduct.  The appropriate sanction is exclusion of these witnesses.  Compelling plaintiff to provide contact information, and then re-opening discovery so the witnesses may be deposed, is not an adequate remedy due to the nearness to trial.  Accordingly, defendant's motion for sanctions is GRANTED, and the following ten witnesses are excluded from testifying at trial or by way of declaration in opposition to summary judgment:  LaShauna Melvin, Dameeka Dudley, Steven Miles, Jessie Rails, Andrew Robertson, Tom Campbell, Roselma Blair, John Randle, Mr. Nakahara, and Mr. Seashore.

Defendant has also requested monetary sanctions in an amount equal to the expenses incurred for court reporter fees for the missed depositions.  The Court rejects plaintiff's argument in opposition that "it is of no fault of the plaintiff that some witnesses were either served on short notice or simply decided not to appear."  Plaintiff's response, p. 7.  Counsel claims he relied on defendant's statement that if he did not provide contact information and available times for deposition of these witnesses they would be

ORDER ON MOTION FOR SANCTIONS - 2

served "unilaterally."  However, the Court recognizes that the only intent expressed by this language was that defendant would choose the deposition date and time unilaterally.  This language in no way relieved plaintiff's counsel of the obligation to assist in securing the attendance of the witnesses at deposition. Because plaintiff failed to meet this obligation, failed to response to defendant's messages regarding the missed depositions, and failed to appear himself for those depositions, monetary sanctions are appropriate.   Accordingly, defendant's motion for monetary sanctions in the amount of $987.50 for court reporter fees is GRANTED.  Counsel shall pay this amount to defendant within thirty days of this date.  The Court declines to include the $307.50 in videographer fees for the additional day of plaintiff's deposition in the sanctions.

       DATED this ____12____ day of ___July___, 2005.


_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR SANCTIONS - 3