1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY HOWELL,

            Plaintiff,

    v.

SWEDISH MEDICAL CENTER,

            Defendant.

CASE NO. C04-1329RSM

ORDER ON MOTIONS FOR
  SUMMARY JUDGMENT

     This matter is before the Court for consideration of defendant's two pending motions for summary judgment.  Dkt. # 21, 23.  Plaintiff has filed a combined opposition to both motions.  Dkt. # 36. For the reasons set forth below, the Court now grants both motions and dismisses the action.

DISCUSSION

     Plaintiff filed this employment discrimination complaint in King County Superior Court alleging, in addition to employment discrimination, intentional infliction of emotional distress, tortious interference with economic opportunity, and violation of the Family Medical Leave Act.[1]   Defendant removed the case to this Court on the basis of the allegations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and the Family Medical Leave Act, a federal statute.   Defendant then moved for

---

[1]Plaintiff provided no statutory citation, but presumably refers to  29 U.S.C. § 2601 *et seq.*

 ORDER ON MOTIONS FOR SUMMARY
JUDGMENT- 1

summary judgment in two separate motions, one addressing the employment discrimination claims, and one addressing the remaining claims.   Plaintiff, in response, concedes that he has no evidence to support his emotional distress, tortious interference, and Family Medical Leave Act claims.    Accordingly, defendant's motion for summary judgment as to these claims (Dkt. #21) is GRANTED without further discussion.

Before proceeding to the motion for summary judgment on the discrimination claims, the Court must address the timeliness and adequacy of document filing by counsel for plaintiff in this matter. Defendant's motion was noted for July 29, 2005, and plaintiff's response was accordingly due on July 25, 2005.  Local Rule CR 7(d)(3).  Plaintiff's response was not filed until July 28.  Defendant then replied with a motion to strike the late-filed response.  The Court denied the motion to strike, but granted defendant additional time to file a substantive reply to the late response.  In the substantive reply, filed August 5, defendant moved to strike certain exhibits attached to the declaration of counsel as unauthenticated and inadmissible evidence.   However, it is not necessary to address this motion to strike, because the declaration and exhibits were never actually filed into the record in this case.   A paper copy of the declaration, with attached exhibits, was provided to the Court, and apparently also was served upon defendant.  However, it was never filed electronically as required.  The service of paper copies does not cure the failure to properly file the declaration, and the declaration and attached exhibits accordingly cannot be considered by the Court.

The official Court record is the electronic file maintained on the Court's servers.  *See*, United States District Court, Western District of Washington, Electronic Filing Procedures for Civil and Criminal Cases, amended April 1, 2004, § IA.  Electronic filing of documents in this Court has been mandatory for attorneys since June 1, 2004.  Id.   An attorney who is not able to file electronically must show cause in each case to file and serve documents in the traditional matter.  Id.   There is no indication on the record in this case that counsel has shown such cause.  Staff help is available by telephone for anyone having difficulty with electronic filing; the help desk number is listed prominently in the "attorney registration" and "CM/ECF newsletter" areas of the Court's website.

 ORDER ON MOTIONS FOR SUMMARY
JUDGMENT- 2

1    Defendant also asked that the oral argument set for August 29, 2005 be stricken.   The Court

2    granted this motion, and ruled that the summary judgment motions would be considered on the record as

3    it existed on that date, August 24, 2005.  Dkt. # 42.  According to Court staff, plaintiff's counsel then

4    called chambers after hours and left a message that he would be filing a surreply, but was having difficulty

5    with the attachments.   On August 26, 2005, two declarations were filed electronically by plaintiff, but

6    neither has any referenced exhibits attached. Dkt. # 43, 44.  Neither is designated as a surreply in the

7    caption.  Further, the Declaration of Rodney Howell (Dkt. # 43) is unsigned.  *See*,  Electronic Filing

8    Procedures, § III J.  On August 29, 2005, a paper copy of a surreply, together with attached declarations

9    and exhibits, was delivered to chambers.   This document does not appear on the electronic docket, and

10   cannot be considered by the Court.  Even if it had been filed, the Court would decline to consider it

11   because it is both improper and untimely.   Pursuant to Local Rule CR 7(g), a surreply may be filed for

12   the purpose of making a motion to strike, but must be filed within five judicial days of a reply.   This

13   document was filed long after the five judicial days from August 5, 2005 had run, and bears attempted

14   rebuttal argument, not a motion to strike.

15    The result of these filing failures is that the record before the Court contains only the exhibits

16   submitted by defendant in support of the summary judgment motion.    It is the Court 's obligation in

17   considering a summary judgment motion to view all evidence in the light most favorable to the non-

18   moving party.   Swayze v. United States, 785 F.2d 715, 717 (9th Cir. 1986).   In the interest of fairness

19   to plaintiff, the Court has reviewed the unfiled exhibits submitted by plaintiff's counsel in order to

20   determine whether, had they been properly filed, they could have changed the outcome of this motion.

21   The Court has determined that they would not.

22    Plaintiff was employed by defendant Swedish Medical Center as a certified nursing assistant

23   ("CNA") from June, 2001, until his termination in April, 2003.   Defendant states that plaintiff was

24   terminated for committing four serious conduct violations within a short span of time:  a failure to

25   respond to a page from a nurse, unlawful copying of patient records containing their names, failure to

26   assist another hospital aide in re-positioning a patient with respiratory distress, and, most seriously, failure

27

28    ORDER ON MOTIONS FOR SUMMARY
      JUDGMENT- 3

1  to follow the anti-contamination rules for dealing with a patient infected with antibiotic-resistant staph.

2  Plaintiff, on the other hand,  alleges that his termination resulted from illegal discrimination, in violation

3  of Title VII and the Washington Law Against Discrimination, RCW 49.60.

4  Because direct evidence of discrimination is seldom available, it is well established that in order

5  to make a prima facie case of discrimination under these statutes, plaintiff  must show that (1) he  was

6  within a protected group, (2) he was discharged, (3) he was doing satisfactory work, and (4) he was

7  replaced by an employee who was not within a protected group.   McDonnell Douglas Corp. v. Green,

8  411 U.S. 792 (1973).   Under the well-known burden-shifting analysis, once the plaintiff establishes a

9  prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-

10 discriminatory reason for the complainant's termination.   Should the defendant carry this burden, the

11 burden of production then shifts back to the plaintiff to demonstrate that the defendant's stated reasons

12 are a mere pretext for discrimination.  Id.

13 Defendant contends that plaintiff has not even made a prima facie case of discrimination, because

14 the fourth element, that of replacement by someone who is not a member of a protected class, has not

15 been alleged nor shown.   Plaintiff has not disputed that assertion, but argues that a different test for

16 establishing a prima facie case applies:

17
18
   > (1) that he belongs to a protected class, (2) that he was terminated, (3) that similarly situated non-members of the protected class were treated more favorably and (4) that race was a motivating factor for his termination.  Bradley v. Harcourt, Brace and Co., 104 F. 3d 267 (9th Cir. 1996).

19

20 Plaintiff's Response (Dkt. # 36), p. 6.  However, in Bradley the parties and the court assumed without

21 deciding that the plaintiff had met her burden of showing a prima facie case, and no prima facie test was

22 articulated by the court.  Bradley, 104 F. 3d at 270.  The language cited by plaintiff above does not

23 appear anywhere in the decision.  Even if plaintiff is correct that this "similarly situated" factor is a

24 substitute for showing that he was replaced by someone not in a protected class, he has not produced any

25 evidence to make a prima facie case by this avenue.  Although plaintiff mentions, on page 10 of his

26 response, several incidents of faulty patient care involving other employees of defendant who were not

27 disciplined, these allegations are all based on hearsay or otherwise non-admissible evidence, none of

28  ORDER ON MOTIONS FOR SUMMARY
   JUDGMENT- 4

1    which has been filed into the record, as stated above.  Even if plaintiff had properly filed his exhibits, and

2    he could properly authenticate his exhibits and establish hearsay exceptions as to each incident alleged,

3    these allegations do not demonstrate that similarly situated employees who were not members of a

4    protected class were treated differently than he was.   First of all, plaintiff's conclusory assertion that

5    these employees were "non-black" does not establish that they were not members of some other

6    protected class, such as Asian, Pacific Islander, or Hispanic.  Secondly, the employees mentioned are not

7    "similarly situated", in that they appear to be nurses, not CNA's.  Finally, plaintiff has not shown how he

8    would have personal knowledge that these employees were never disciplined for the incidents alleged.  In

9    short, plaintiff has failed to produce any evidence that would establish either that he was replaced by

10   someone who is not a member of a protected class, or that he was treated differently than others who

11   were not such members.  He has thus failed to make a prima facie case of discrimination in violation of

12   Title VII and WLAD.

13          Defendant also contends that even if plaintiff could make such a prima facie case, it has advanced

14   a legitimate, non-discriminatory reason for terminating him.   <u>McDonnell Douglas</u>, 411 U.S. at 803.

15   According to the declaration of Denise Cap, the supervisor who both hired and terminated plaintiff, he

16   was terminated for four specific incidents in which his conduct compromised patient health, safety, or

17   confidentiality.  These incidents, which occurred over the span of a few days in late March, 2003, were:

18   (1) plaintiff's failure to respond to or acknowledge in any way a page from a nurse;  (2) his improper

19   copying of confidential patient records;  (3) plaintiff's refusal to assist another CNA, upon several

20   requests, with re-positioning a patient with severe respiratory distress (the patient's condition was so

21   serious that he or she was transferred to the ICU and died the following day); and (4) plaintiff's violation

22   of special procedures for isolation of patients with antibiotic-resistant staph infections.  Declaration of

23   Denise Cap, ¶ 19.  Ms. Cap met with plaintiff on April 4, 2003 to discuss these incidents, and to initiate

24   an investigation.  ¶ 20.  On April 9, 2003, after the investigation was complete, Ms. Cap sent plaintiff a

25   termination letter.  She states in her declaration that the termination was based on the combination of the

26   four serious incidents, together with complaints she was receiving almost daily from plaintiff's co-

27

28    ORDER ON MOTIONS FOR SUMMARY
      JUDGMENT- 5

workers.   ¶ 22.  She states that while any one of these events alone would have led to a final warning, it was the cumulative effect of multiple serious incidents which compromised patient care that led to plaintiff's termination.  <u>Id</u>.

Plaintiff has offered no evidence whatsoever to show that defendant's proffered reason for his termination was merely a pretext.  Nor has he offered anything to rebut the very strong inference of non-discrimination that arises from the fact that Ms. Cap was the person who both hired and fired him. <u>Coghlan v. American Seafood Company LLC</u>, 413 F. 3d 1090, 1096 (9th Cir. 2005); <u>Bradley</u>, 104 F. 3d at 270.   Plaintiff asserts that this inference has been overcome by a discriminatory statement made by Ms. Cap that she was afraid of plaintiff "because he was black."  Plaintiff's Response, p. 6.  This allegation is based on plaintiff's unfiled exhibits; it is a hearsay statement which has been taken out of context and mis-quoted.  The actual statement, found in the deposition of Perry Whitner, is this:

> Q.  Okay. What did Denise Cap say?
>
> A.  She didn't feel that she did anything inappropriate.  She felt that she treated Rodney with the up [sic] do [sic] respect.
>
> Q.  And did she make any comments about her fear of Rodney?
>
> A.  Yes.  She felt, and this is a thing that gets me all the time with grievances at Swedish, is that he was this big, black, angry man, and she felt very uncomfortable because he is such a big guy, if I recall her comment.

Declaration of Alfoster Garrett, Jr., (unfiled) , Exhibit 14.   Even if this hearsay statement were inadmissible, it is wholly insufficient to overcome the "same person" hiring inference, because it suggests Ms. Cap was uncomfortable around plaintiff due to his size, not his race.

In attempting to show pretext, plaintiff also asserts, in a conclusory unsupported statement, that "all African-Americans on that floor have either been terminated, quite [sic] or transferred because of the discrimination."  Plaintiff's Response, p. 6.  Again, looking to plaintiff's unfiled exhibits, the Court notes that this statement comes from the deposition of Perry Whitner, and does not bear any indiction of the declarant's basis for his knowledge.  Moreover, Mr. Whitner's actual statement was that "if you look back into the records from '96 to 2000, whenever Denise took over up there, you will find the people who was [sic] worked there in '96 either all left the hospital or transferred off that unit,."  Declaration of

1  Alfoster Garrett, Jr. (Unfiled), Exhibit 15.  This statement thus relates to a time prior to 2000, before

2  Denise Cap was the supervisor, and is wholly irrelevant to the discrimination alleged in plaintiff's case.

3         In sharp contrast to these conclusory hearsay statements, defendant offers the declaration of

4  Denise Cap, in which she states that of some thirty employees she personally hired, ten or fifteen were

5  African-American.  Declaration of Denise Cap, ¶ 23.  Plaintiff is the only African-American employee she

6  has terminated.  Id.

7                                        CONCLUSION

8         Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and

9  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

10 material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c).

11 The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by

12 "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on

13 file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of

14 material fact." Celotrex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party satisfies this

15 burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial.

16 F.R.Civ. P. 56(e).

17        A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could

18 return a verdict for the non-moving party."   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

19 It is not the court's function at the summary judgment stage to determine credibility or to decide the truth

20 of the matter. Id. at 249-50.   Rather, "the evidence of the non-movant is to be believed, and all

21 justifiable inferences are to be drawn in his favor." Id. at 255.

22        Defendant has moved for summary judgment on plaintiff's discrimination claim on the basis that

23 he has failed to set forth a prima facie case.  On the record before the Court, defendant is entitled to

24 summary judgment on that basis, because plaintiff has failed to present any evidence at all as to his

25 replacement.  Even if the Court were to allow plaintiff to file his declaration and exhibits at this late date,

26 there would still be a lack of such evidence.  Moreover, were plaintiff somehow to establish a prima facie

27

28  ORDER ON MOTIONS FOR SUMMARY
    JUDGMENT- 7

1   case, those exhibits fail to present any admissible evidence to show that defendant's legitimate, non-

2   discriminatory reason for terminating him is merely a pretext.  Accordingly, defendant's motion for

3   summary judgment on the discrimination claims (Dkt. # 23) is GRANTED.  As defendant's motion for

4   summary judgment on plaintiff's other claims (Dkt. # 21) was granted above as unopposed, this ruling

5   results in dismissal of the action.

6           The Clerk shall enter judgment in favor of defendant on all claims.

7

8           DATED this 3rd day of October, 2005.

9

10

11

12          RICARDO S. MARTINEZ
            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER ON MOTIONS FOR SUMMARY
     JUDGMENT- 8